UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LAWRENCE E. SHIVELY, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> *Defendant.* ) | Case No. 1:22-cv-283 <br><br> Judge Curtis L. Collier <br><br> Magistrate Judge Susan K. Lee |

# **M E M O R A N D U M**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying him childhood disability insurance benefits ("CDIB"). (Doc. 2 at 1.) The Court referred the matter to United States Magistrate Judge Susan Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R"). The Magistrate Judge filed an R&R recommending Plaintiff's motion for summary judgment (Doc. 15) be denied, Defendant's motion for summary judgment (Doc. 22) be granted, the decision of the commissioner be affirmed, and the case closed. (Doc. 24 at 1.) Plaintiff timely filed an objection to the R&R (Doc. 25), and Defendant responded (Doc. 27). For the following reasons, the Court will **ACCEPT** and **ADOPT** the Magistrate Judge's R&R (Doc. 24).

**I.  BACKGROUND**

The R&R begins with a detailed summary of the procedural and factual history of this case. (Doc. 24 at 1–3.) The parties do not object to this portion of the R&R, and the Court incorporates Sections I and II of the R&R by reference.

Plaintiff filed an application for CDIB,[1] originally alleging an onset of disability date of October 13, 1991, and later amended the onset date to April 1, 2012. (Doc. 19 at 27, 122, 355.) Plaintiff's claim was denied initially and on reconsideration. (*Id*. at 142.) He requested a hearing before an Administrative Law Judge ("ALJ"). (*Id*.) An ALJ dismissed Plaintiff's request for a hearing, but after review, the Appeals Council remanded the case to the ALJ for further action. (*Id*. at 148–149.) The ALJ conducted an administrative hearing on April 8, 2021, and issued an unfavorable decision on May 26, 2021, finding Plaintiff was not entitled to CDIB. (*Id*. at 24, 59–84.) The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 8–13.) Plaintiff timely filed the pending action. (*See* Doc. 2.)

## II. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's—review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means relevant evidence a reasonable mind might accept to support the conclusion at issue. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). Substantial evidence is greater than a scintilla but less than a preponderance. *Richardson v. Perales*, 402 U.S.

---

[1] According to the administrative record, it appears Plaintiff filed an application for CDIB on December 19, 2017. (Doc. 19 at 122, 355.) The R&R states Plaintiff filed the application on January 19, 2018, which is also supported by the record. (*Id*. at 329; Doc. 24 at 1.) The parties did not object to the statements of fact in the R&R.

2

389, 401 (1971); *Brainard*, 889 F.2d at 681.  If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003).  "The substantial evidence standard presupposes that there is a 'zone of choice'" within which the decisionmakers can go either way, without interference by the courts.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).  The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review.  *Bailey v. Comm'r of Soc. Sec.*, No. 90-3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999); *see Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004).  The court may consider any evidence in the record, regardless of whether it has been cited by the ALJ.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ adequately considered medical opinion evidence as required by 20 C.F.R. § 404.1520c.  (Doc. 25 at 2–4.)  Plaintiff's argument focuses specifically on the ALJ's consideration of the supportability and consistency factors in evaluating Dr. Huffman's opinions about Plaintiff's physical and mental health.  (*Id.* at 2–3.)

In his motion for summary judgment, Plaintiff argued that the ALJ's discussion of "every opinion of record in a single paragraph" violated 20 C.F.R. § 404.1520c because the ALJ "failed to discuss the consistency and supportability factors anywhere in her 'analysis' of the opinion evidence." (Doc. 16 at 11.)  He stated the ALJ failed to give "any real consideration to the specific

opinions" of the medical providers." (*Id*. at 14.) In the R&R, the Magistrate Judge stated that "Plaintiff's argument overlooks the rest of the ALJ's written decision, which does address consistency, supportability, and other relevant factors as they apply to the opinion evidence in this case." (Doc. 24 at 10.) The Magistrate Judge referenced several other places in the ALJ's opinion where the ALJ discussed the medical opinions in greater detail. (*Id*. at 12.) One of the excerpts the Magistrate Judge highlighted from the ALJ's decision was the following regarding Dr. Huffman's medical opinions:

> I found the mental portions of Dr. Huffman's October 2016 opinions (Exhibits B23F; B26F) partially persuasive. Although these opinions were offered after the claimant attained age 22, Dr. Huffman had a treating relationship with the claimant throughout the relevant period. However, he is not a mental health professional, did not opine on many areas due to his lack of knowledge, and reached some conclusions that were not consistent with his treatment notes or supported by other evidence.

(Doc. 19 at 37.) Now, in his objection to the R&R, Plaintiff argues that "[t]he Magistrate Judge pointed to this portion of the record to claim that the ALJ did properly comply with 20 C.F.R. § 404.1520c . . . yet, the ALJ simply provided more of the same—unfounded cursory declarations." (Doc. 25 at 3.) Plaintiff contends "[t]he ALJ did nothing more than declare that Dr. Huffman's opinions were not supported or inconsistent with the record . . . [but] did not identify any specific evidence or cite to anything in the record to support that conclusion." (*Id*. at 3.) In response, Defendant states this is the first time Plaintiff argues "that the ALJ did not sufficiently explain her particular reasons for finding only partially persuasive the opinion on mental functioning by Dr. Huffman," and argument on this point is therefore waived. (Doc. 27 at 1.)

To the extent Plaintiff raises an entirely new argument in his objection to the R&R, the argument is waived. *See McCafferty v. Comm'r of Soc. Sec.*, No. 22-3865, 2023 U.S. App. LEXIS

4

13488, at *2–3 (6th Cir. May 31, 2023) (citing *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (recognizing that a plaintiff forfeits a "claim raised for the first time in objections to a magistrate judge's report")). Additionally, to the extent Plaintiff simply reiterates his previous arguments, the objection is waived. *D.S. v. Knox Cnty.*, No. 3:20-cv-240, 2022 U.S. Dist. LEXIS 54171, at *31–32 (E.D. Tenn. Mar. 25, 2022) ("Courts in the Sixth Circuit have routinely held that objections that merely restate the arguments previously presented are improper."); *see also United States v. Vanover*, No. 10-14-DLB-REW-1, 2017 U.S. Dist. LEXIS 54869, at *3 (E.D. Ky. Apr. 11, 2017). But because Plaintiff specifically objects to the Magistrate Judge's reasoning for denying his motion for summary judgment as it regards the ALJ's consideration of Dr. Huffman's opinions, the Court will consider whether Plaintiff's objection has merit.

An ALJ is required to consider all relevant evidence in a claimant's record, including medical opinion evidence. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). In evaluating medical opinion evidence, an ALJ is required to consider multiple factors. 20 C.F.R. § 404.1520c. "Supportability and consistency will be the most important factors, and usually the only factors the ALJ is required to articulate." *Jones v. Berryhill*, 392 F. Supp. 3d 831, 839 (M.D. Tenn. 2019) (citation omitted). If a source offers multiple opinions, the ALJ is not required to articulate their assessment of every single medical opinion; rather, they can articulate how they considered all of that source's opinions "in a single analysis." *Id*. § 1520c(b)(1).

Regarding supportability, the regulations explain the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical

5

opinions or prior administrative medical finding(s) will be." *Id*. § 1520c(c)(1). Regarding consistency, the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. § 1520c(c)(2).

Plaintiff focuses on the paragraph quoted above to argue that the ALJ failed to elaborate on her conclusions regarding the supportability and consistency of Dr. Huffman's opinions. (*See generally* Doc. 28.) In doing so, Plaintiff disregards the Magistrate Judge's finding that the ALJ discusses Dr. Huffman's opinions elsewhere in her report. (*See* Doc. 24 at 12–13.) The ALJ compared and contrasted Dr. Huffman's opinions with other medical providers' opinions, noted the limits of Dr. Huffman's expertise, and acknowledged when Dr. Huffman's conclusions were unsupported by evidence. (*E.g.*, Doc. 19 at 34 (finding Dr. Huffman did not assess Plaintiff's ability to perform in certain areas due to his lack of knowledge); 39 (acknowledging limitations on scope of Dr. Huffman's evaluation of Plaintiff's concentration and memory); 40 (comparing and contrasting Dr. Wray and Dr. Huffman's reports, and noting Dr. Huffman cited no support for one of his conclusions)). The Magistrate Judge concluded that "[v]iewed as a whole, the ALJ's decision demonstrates that she adequately considered the factors of supportability and consistency [and other relevant factors]. . . in evaluating the medical opinion evidence." (Doc. 24 at 13.) The Court agrees with the R&R.

The ALJ's discussion of Dr. Huffman and other medical providers' opinions demonstrates scrutiny of Plaintiff's medical records, and consideration of supportability and consistency as

required by 20 C.F.R. § 404.1520c. Accordingly, the Court will **OVERRULE** the Plaintiff's objection on this point.

IV. **CONCLUSION**

After reviewing the record, the Court agrees with the R&R. The Court will **ACCEPT** and **ADOPT** the R&R (Doc. 24). Plaintiff's motion for summary judgment (Doc. 15) will be **DENIED**, and Defendant's motion for summary judgment (Doc. 22) will be **GRANTED**. The Commissioner's decision denying benefits will be **AFFIRMED**, and the case will be **DISMISSED.**

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT**

7

Case 1:22-cv-00283-CLC-SKL   Document 29   Filed 09/24/24   Page 7 of 7   PageID #: 3544